under leave granted, and converted into a writ of error, the judgment in this case is reversed, and all proceedings under it are set aside.

The same judgment is rendered in the following cases, viz., Nos. 171, 172, 173 and 174, of October and November Term, 1873, between the same parties.

*First Judicial District.*

## District Court of Philadelphia.

### SNYDER *v.* ARMSTRONG.
### HAMSON & Co. *v.* ARMSTRONG.

Defendants gave A. a note signed in blank. A. left their service and four years after transferred the note to plaintiffs, by whom these facts were known. Verdict for plaintiffs set aside.

Opinion delivered September 15, 1873, by

HARE, P. J.   This is an action on a promissory note made by James Armstrong, and endorsed by John Armstrong, the defendant. The question whether the plaintiffs took the note in good faith, was left to the jury, who found a verdict in their favor, and the defendant now asks for a new trial.

The history of the case is as follows:

Lewis Eckel was the confidential clerk of James Armstrong. He left his employer's service in the month of April, 1870, having then in his possession two notes, one for 1800 dollars, made by James Armstrong; the other, in blank, signed by James, as maker, and endorsed by the defendant. The former instrument seems to have been a security for a debt which was paid soon afterwards. The latter had been entrusted to Eckel to be used if any unforseen contingency should arise requiring the aid of John Armstrong's credit. Eckel retained both instruments without the knowledge or consent of his employer, and having gone into business on his own account, bought goods from the plaintiffs in the month of June, and gave James Armstrong's note in payment. The latter failed soon afterwards and the note was protested. In March, 1871, Eckel applied to the plaintiffs for a further credit, which they refused to give, unless the existing account was covered. He then stated in substance that he held John Armstrong's endorsement in blank as a collateral for the note in their possession, and that he would fill it up and transfer it to them if they would let him have the goods which he wanted. They accepted this proposition, and he then dated the note as of October 1st, and made it payable to them at seven months for $1,000 with interest added.

It is well settled that the delivery of a note endorsed in blank authorizes the payee to fill it up and put it in circulation, and the maker cannot allege as against a bona fide holder, that the agent exceeded his instructions, or was guilty of a fraud. The power must, however, be exercised within a reasonable time. If the interval is so great as to indicate that the power has been abused, who is cognizant of the delay will be put on

ïhquiry.  In the present case the plaintiffs knew that Eckel had left James Armstrong's service for more than a year, and that the note was in his hands unused during the whole of that period.  These were suspicious circumstances, which should have induced the investigation that would have led to a discovery of the truth.  We are inclined to think that the plaintiffs had constructive notice, and are very clear that the verdict is against the weight of evidence.  The rule for a new trial is made absolute.

    *Arthur M. Burton*, Esq., for plaintiff; *R. C. McMurtrie*, Esq., for defendant.